

U.S. Department of Justice

Criminal Division

07-20

Washington, D.C. 20530

December 20, 2006

James W. Hundley, Esq.
Briglia and Hundley
1921 Gallows Road
Suite 750
Vienna, Va. 43215

**FILED**

FEB 21 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

        Re:    Michael Hoover

Dear Mr. Hundley:

      This letter sets forth the full and complete plea offer to your client, Michael Hoover. This offer is binding only upon the United States Department of Justice, Criminal Division, Fraud Section ("Fraud Section") (referred to as "the government" or "this office"). Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges**:  Hoover agrees to plead guilty to an Information charging one count of violating the Commodity Exchange Act, 7 U.S.C. § 13 (a)(2). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Hoover and will be entered in accordance with Federal Rule of Criminal Procedure 11. Hoover agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in the charged offense. It is anticipated that during the Rule 11 plea hearing, Hoover will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2.    **Potential penalties, assessments, and restitution**:  Hoover understands that the maximum sentence that can be imposed for the violation charged in the Information is five years of imprisonment, a fine of $250,000, or twice the pecuniary gain or loss, whichever is greatest, a mandatory $100 special assessment, a term of supervised release up to three years, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentences, Hoover understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Hoover understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Hoover further understands that if the Court imposes a sentence which is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors from the 2002 Guidelines Manual:

| | |
|---|---|
| Base offense level (§ 2B1.1(a)): | 6 |
| Loss in excess of $120,000 (§ 2B1.1(b)): | +10 |
| Acceptance of responsibility (§ 3E1.1): | -3 |
| Total offense level: | 13 |

Your client and the government agree that a sentence within the sentencing range determined pursuant to the Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Hoover in this case. In the event that this plea offer is either not accepted by Hoover or is accepted by Hoover but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:**

   a. Hoover agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the mandatory special assessment, as required in 18 U.S.C. § 3013.

   b. Hoover agrees to provide, prior to sentencing, a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

   c. Hoover shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Hoover further agrees to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime;

5. **Cooperation:** Hoover agrees to cooperate with the government on the following terms and conditions:

   a. Hoover shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in

any matter as to which the government deems the cooperation relevant. Hoover acknowledges that his cooperation may include, but will not necessarily be limited to, testifying at any proceedings, answering questions, providing sworn written statements, and participating in covert law enforcement activities;

      b.    Hoover shall neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity;

      c.    Hoover agrees not to disclose to any person or entity the fact of or details regarding his cooperation with law enforcement authorities; and

      d.    Hoover understands and acknowledges that nothing in this agreement allows him to commit any criminal violation of local, state, or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Hoover acknowledges and agrees that such a breach of this agreement will not entitle him to move to withdraw his plea of guilty.

      6.    **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Hoover continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the Probation Department (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Hoover in the United States District Court for the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Hoover does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4).

      7.    **Downward Departure Based on Substantial Assistance:** At the time of Hoover's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation, if any, provided by Hoover to the government. If the government determines that Hoover has provided substantial assistance in the investigation or prosecution of another person or entity that has committed a federal crime, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Hoover understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the

government. Hoover further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

8.  **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Hoover's criminal activities, subject to the provisions of the following paragraph.

9.  **Use of Certain Information**: The United States and Hoover hereby agree that information provided by Hoover shall not be held against him for purposes of calculating his sentence (see Sentencing Guidelines Section 1B1.8), and will not otherwise be used against him, except as follows:

   a.  information that was known to the United States prior to the date this plea agreement was signed by Hoover may be used directly and indirectly against Hoover in any criminal proceeding;

   b.  in a prosecution for perjury or giving a false statement, statements made by Hoover as part of his cooperation may be used directly and indirectly against him;

   c.  if there is a breach of this agreement by Hoover, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 10 below, the United States retains the right to use all information provided by Hoover directly and indirectly at any subsequent proceeding, criminal or civil; and

   d.  The government will not contact any other state, local, or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the government agrees, upon request, to contact that jurisdiction, apprise it of this plea agreement and the full extent of the defendant's cooperation, and ask that jurisdiction to abide by the immunity provisions of this agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

Case 1:07-cr-00020-JDB    Document 8    Filed 02/21/2007    Page 5 of 7

10.     **Breach of Agreement:** Hoover agrees that if he fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Hoover should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Hoover's release (for example, should Hoover commit any conduct after the date of this agreement that would form the basis for an increase in Hoover's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Hoover will not have the right to move to withdraw the guilty plea; (c) Hoover shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Hoover, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Hoover has breached this agreement, and if Hoover so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach of any kind, including commission of a criminal offense, by a preponderance of the evidence.

11.     **Presence of Counsel:** At all debriefing and interview sessions conducted by investigators and/or attorneys for the government, Hoover shall be entitled to the presence, advice, and assistance of counsel, unless waived.

12.     **The Department of Justice, Criminal Division, Fraud Section Bound:** Hoover understands that this agreement is binding only upon the Department of Justice, Criminal Division, Fraud Section. This agreement does not bind any United States Attorney's Office, nor does it bind any other Section or Division of the Department of Justice, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Hoover.

5

13. **Complete Agreement:** No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Hoover, Hoover's counsel, and an Attorney for the Department of Justice, Criminal Division, Fraud Section.

If the foregoing terms and conditions are satisfactory, Hoover may indicate his assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Hoover and his counsel.

Sincerely yours,

STEVEN A. TYRRELL
Acting Chief
Fraud Section
Criminal Division
U.S. Department of Justice

_____ 1-7-07
ROBERTSON T. PARK
Assistant Chief
AMANDA RIEDEL
Trial Attorney
Fraud Section
Criminal Division
U.S. Department of Justice

I have read this plea agreement, consisting of six pages, and have discussed it with my attorney, James W. Hundley Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

     I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1/8/07

                                                            Michael Hoover
                                                            Defendant

     I have read each of the six pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/5/07

                                                             James W. Hundley, Esq.
                                                            Douglas R. Kay, Esq.,
                                                             D.C. Bar No.452345
                                                             Attorneys for the Defendant